**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: December 18 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32790 |
| | ) | |
| Jason W. Perkins and | ) | Chapter 7 |
| Kristin K. Perkins, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO COMPEL TRUSTEE TO ABANDON INTEREST IN TAX REFUND

This case came before the court for hearing on Debtors' Motion to Compel Trustee to Abandon Interest in Debtor's [Kristin Perkins] Tax Refund ("Motion") [Doc. # 44]. The Chapter 7 Trustee appeared at the hearing in person and Debtors' attorney appeared by telephone. For the reasons that follow, Debtors' Motion will be granted.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 30, 2014. Included as an asset on their bankruptcy schedules is Debtor Kristin Perkins' STRS pension plan. There is no dispute that Kristin Perkins ("Debtor") withdrew $18,099.14 from her STRS pension plan post-petition, which was a withdrawal of all funds in that account. [Doc. # 44, Ex. B, p. 2]. Federal income tax in the amount of $3,619.83 was withheld from the total amount withdrawn. [*Id.*].

Debtor and her husband filed their 2014 federal income tax returns separately. Debtor's only income

in 2014 was her pension income withdrawn from her STRS account postpetition. She received an income tax refund in the amount of $3,057, which was turned over to the Trustee. After pro-rating the refund based upon the number of calendar days before and after the petition was filed and allowing for Debtor's cash and wildcard exemptions to which she would be entitled, the Trustee calculated the portion of Debtor's refund to be administered by her to be $190.75. The balance of the refund was returned to Debtor.

## LAW AND ANALYSIS

Debtor seeks an order finding that her entire income tax refund is not property of the bankruptcy estate and compelling the Trustee to refund to Debtor the $190.75 retained by her as an asset of the estate. The basis of Debtor's request, as set forth in her Motion, is that funds withdrawn from her STRS account are exempt under Ohio Revised Code § 2329.66(A)(10)(b) and funds withheld as taxes from exempt sources of income retain their exempt character when refunded as overpayments by the Internal Revenue Service. The Trustee counters that once the funds were withdrawn, they lost their exempt status.

Debtor alternatively argued at the hearing on the Motion that because the STRS pension income was received and the tax withholding occurred postpetition, her income tax refund is not property of the bankruptcy estate. Because the court agrees that the tax refund is not property of the bankruptcy estate, it need not address Debtor's exemption argument.

In *Bank of America v. Seligman (Seligman)*, 478 B.R. 497 (Bankr. N.D. Ga. 2012), the court addressed allegations that, in withdrawing funds from his 401(k) plan, the debtor concealed property of the estate after the date his Chapter 7 petition was filed. The court distinguished between a prepetition withdrawal and a postpetition withdrawal of funds, explaining that a prepetition withdrawal would constitute property of the estate such that the failure to account for those funds could amount to concealment of property of the estate but that a postpetition withdrawal would not support such a claim. *Id.* at 503.

In this case, there is no dispute that Debtor's withdrawal of funds from the STRS retirement plan occurred postpetition. Debtor's income resulting from that withdrawal thus constitutes postpetition income that is not property of the estate. *Cf.* 11 U.S.C. § 1306(a)(1) and (2). There is also no dispute that the income tax refund at issue is based solely on the pension income resulting from that postpetition withdrawal. Just as income tax refunds based solely on wages received postpetition are not property of the estate, *see, e.g. In re Griffin*, 339 B.R. 900, 902 (E.D. Ky. 2006), tax refunds based solely on pension income received postpetition are not property of the estate. Debtor is thus entitled to her entire income tax refund, including the $190.75 retained by the Trustee.

2

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors' Motion to Compel Trustee to Abandon Interest in Debtor's Tax Refund [Doc. # 44] be, and hereby is, **GRANTED**; and

**IT IS FURTHER ORDERED** that the Trustee shall reimburse Debtor Kristin Perkins her entire 2014 income tax refund, including the $190.75 previously retained by the Trustee.

###